UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIE NORRIS,<br><br>        Plaintiff,<br><br>    v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>        Defendants. | Case No.: 1:21-cv-00704-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE AND APPOINTMENT OF COUNSEL<br><br>(ECF No. 20) |

Plaintiff Urie Norris is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a continuance and appointment of counsel, filed September 24, 2021, self-dated by Plaintiff on September 15, 2021.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

///

1

1   Without a reasonable method of securing and compensating counsel, the court will seek
2   volunteer counsel only in the most serious and exceptional cases.  In determining whether
3   "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the
4   merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the
5   legal issues involved."  Id.  (internal quotation marks and citations omitted).

6   In the present case, the Court does not find the required exceptional circumstances.  Even if it
7   assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if
8   proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases
9   almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and
10  his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See
11  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of
12  further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the
13  facts necessary to support the case.")  Circumstances common to most prisoners, such as lack of legal
14  education and limited law library access, do not establish exceptional circumstances that would
15  warrant a request for voluntary assistance of counsel.  The test is whether exception circumstances
16  exist and here, they do not.  There is simply an insufficient showing that Plaintiff is unable to
17  adequately litigate this action.  Accordingly, Plaintiff's motion for appointment of counsel shall be
18  denied, without prejudice.

19  Plaintiff also seeks a continuance in order to file an amended complaint and states that the
20  motion not be considered as his amended complaint.  (ECF No. 20.)  Inasmuch as Plaintiff has
21  submitted an amended complaint which was filed on September 24, 2021, (self-dated by Plaintiff three
22  days after the motion for a continuance on September 18, 2021), Plaintiff's request for a continuance
23  to do so is denied as moot.
24  ///
25  ///
26  ///
27  ///
28  ///

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for a continuance is denied as moot; and
2. Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: __**September 28, 2021**__

UNITED STATES MAGISTRATE JUDGE