UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIE NORRIS,<br><br>          Plaintiff,<br><br>    v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>          Defendants. | Case No.: 1:21-cv-00704-NONE-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 19) |

      Plaintiff Urie Norris is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's first amended complaint, filed September 24, 2021.

**I.**

**SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Jane Doe, a nurse at the Kern County Jail, knew of Plaintiff's pre-existing medical conditions. Jane Doe tested Plaintiff for COVID-19 using a nasal swab and never sent the test results to Plaintiff. Although jail staff were aware of the test results, no one would show Plaintiff the results. John Doe denied Plaintiff his right to speak with medical.

Plaintiff is overweight and has pre-existing conditions of diabetes and mild respiratory failure. Cancer also runs in Plaintiff's immediate family on both sides. Plaintiff's continued detention at the Kern County Jail is a violation of the constitutional rights. The jail's response to COVID-19 was deliberate indifference to Plaintiff's medical needs due to his pre-existing conditions. Plaintiff was at a sufficiently heightened risk of severe complications such that a high risk of exposures translated into high risk of irreparable injury without an injunction.

## III.

## DISCUSSION

### A. City of Bakersfield and Kern County Sheriff Department as Defendants

To bring a § 1983 claim against a local governmental entity, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. Monell v. Department of Social Services of New York, 436 U.S. 658, 694 (1978). The plaintiff must show: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. Mabe v. San Bernardino Cnty., 237 F.3d 1101, 1110-11 (9th Cir. 2001).

Plaintiff has failed to allege that the City of Bakersfield and the Kern County Sheriff's Department enacted or implemented any official policy or custom, or any facts to plausibly show a causal link between any county policy or practice and the constitutional violations he alleges. Id. Accordingly, Plaintiff fails to state a cognizable claim against these Defendants.

### B. Medical Care

If Plaintiff was not a convicted inmate at the time of the allegations, the standards set forth under the Fourteenth Amendment applies. The Fourteenth Amendment protects the rights of pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 545 (1979). "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004) (quoting Bell, 441 U.S. at 535). During the period of detention prior to trial, a pretrial detainee may be properly subject to the conditions of the jail so long as they do not amount to punishment. Bell, 441 U.S. at 536–37.

"Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.' " Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious

harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

The Court acknowledges COVID-19 poses a substantial risk of serious harm. See Plata v. Newsom, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). However, in order to state a cognizable Fourteenth Amendment claim, Plaintiff must provide more than generalized allegations that they have not done enough to control the spread. See Booth v. Newsom, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); see also Blackwell v. Covello, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison).

The mere failure to provide the COVID-19 test results (positive or negative) does not demonstrate a constitutional violation for denial of adequate medical care. While Plaintiff contends he suffers from pre-existing medical conditions which placed him at high risk of complications from COVID-19, Plaintiff has failed to demonstrate that Jane or John Doe made an intentional decision to failure to disclose the results of his COVID-19 test placing him at a substantial risk of suffering harm or that Plaintiff suffered any harm as a result of the failure to provide the test results. Plaintiff's general allegations are insufficient to state a cognizable Fourteenth Amendment claim. In order to state a cognizable claim, plaintiff must specifically identify a defendant's challenged conduct, explain how such conduct is unreasonable under the circumstances, and describe how such conduct harmed plaintiff. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.") Plaintiff alleges no facts against a properly named defendant that suggest the defendant made an intentional decision with respect to the conditions under which the Plaintiff was confined, which put Plaintiff at substantial risk of suffering

serious harm, that the defendant did not take reasonable available measures to abate that risk and that Plaintiff was harmed.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

### C. Further Leave to Amend

Because Plaintiff has previously been granted leave to amend, and his current complaint suffers from the same deficiencies as his prior complaint, the Court finds that further amendment would be futile.  Zucco Partners v. LLC. v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." (quotations and citations omitted). Therefore, the Court recommends that the instant action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

## IV.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2021**

_____
UNITED STATES MAGISTRATE JUDGE