UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIE NORRIS, <br><br> Plaintiff, <br><br> v. <br><br> DONNY YOUNGBLOOD, et al., <br><br> Defendants. | No.: 1:21-cv-00704-NONE-SAB (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS <br><br> (Doc. 22) |

The assigned magistrate judge screened Plaintiff's first amended complaint and issued findings and recommendations recommending that this action be dismissed due to Plaintiff's failure to state a cognizable claim. (Doc. 22.) In his objections, Plaintiff said he had been in communication with a lawyer, who may take his case. (*Id*.) Consequently, the Court held the findings and recommendations in abeyance for 30 days to allow these discussions to continue and/or permit a further filing by counsel. (Doc. 25.) On December 9, 2021, the Court granted Plaintiff an additional 30 days to consult with counsel. (Doc. 27.)

On December 20, 2021, Plaintiff filed a second amended complaint *pro se*. (Doc. 28.) This was not authorized by the Court's prior orders. Even if the Court's orders could be construed as authorizing the filing of the *pro se* second amended complaint, the allegations contained therein do not materially alter the nature of the allegations under review. Accordingly, the Court has conducted a *de novo* review of this case as required by of 28 U.S.C. § 636(b)(1)(C). Having carefully reviewed the

1

entire file, including Plaintiff's objections and the second amended complaint,[1] the Court finds the findings and recommendations to be supported by the record and by proper analysis. As the magistrate judge explained, to maintain a deliberate indifference claim regarding the dangers of COVID-19, a plaintiff must provide more than generalized allegations that defendants have not done enough to control the spread. The Court provided Plaintiff this standard in the initial screening order (Doc. 18 at 7) but failed to provide sufficient details in either of his amended complaints. In particular, "Plaintiff alleges no facts against a properly named Defendant that suggest he/she made an intentional decision with respect to the conditions under which the Plaintiff was confined, which put Plaintiff at substantial risk of suffering serious harm, that the Defendant did not take reasonable available measures to abate that risk and that Plaintiff was harmed." (*See* Doc. 18 at 8.) Thus, the Court **ORDERS**:

(1) The findings and recommendations issued October 14, 2021, (Doc. 22), are ADOPTED IN FULL.

(2) This case is dismissed without prejudice for failure to state a cognizable claim; and

(3) The Clerk of Court is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: __**March 20, 2022**__

UNITED STATES DISTRICT JUDGE

---

[1] In his second amended complaint, Plaintiff indicated that he anticipated being released from custody in late 2021 and suggested that a lawyer would help him submit additional allegations after his release. (Doc. 28 at 1–2.) Thereafter, in early January 2022, Plaintiff filed a notice of change of address providing a new address in Bakersfield, California. (Doc. 29.) More than nine weeks have passed since that last filing.